## Frankovich, Appellant, *v.* Podolsky et al.

*Vendor and vendee—Sale of real estate—Failure of performance
—Neither party ready—Recording agreement — Equity — Bill to
cancel—Return of hand-money.*

1. Where neither the vendor nor the vendee in articles for the
sale of real estate are ready to perform on the day of the settle-
ment and the vendee thereafter records the agreement, the vendor
is entitled, on a bill in equity to cancel the recorded agreement, for
a decree in his favor.

2. In such a case, whether the vendees are entitled to a return of
the hand-money will depend upon the evidence produced at the
trial of that issue, if an action for that purpose is commenced.

Argued October 19, 1922.  Appeal, No. 124, Oct. T.,
1922, by plaintiff, from decree of C. P. Allegheny Co.,
April T., 1920, No. 2288, dismissing bill in equity, in
case of George Frankovich v. Joseph Podolsky and Louis
Rothman.  Before MOSCHZISKER, C. J., FRAZER, WALL-
ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.
Reversed.

Bill in equity for the cancellation of a recorded agree-
ment.  Before CARPENTER, J.

The opinion of the Supreme Court states the facts.
Bill dismissed.  Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*B. J. Jarrett,* for appellant.—Defendant had no right
to record the written agreement—which he, as the pur-
chaser, and plaintiff, as the vendor, had practically
abandoned,—solely for the purpose of exacting from
plaintiff the $1,500 hand-money.

The contention of defendant that plaintiff did not
actually have the encumbrances removed from the record
prior to the tendering of his deed to defendant, when

it was the plain understanding of the parties that the purchase money was to be used for that purpose, is answered by Boyd v. Hoffman, 241 Pa. 421, 424.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellee.— The recording act permits the recording of the agreement in the manner adopted by the parties to this suit.

The lower court finds that appellant has not himself done equity. Conduct on part of appellant clearly distinguishes the facts in this case from those in Sanders v. Brock, 230 Pa. 609.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:

Plaintiff agreed in writing to sell to Joseph Podolsky, one of defendants, three described properties for the sum of $90,000; $1,500 being paid at the time of signing the contract, $42,250 to be paid in cash at time of settlement and the balance of $46,250 to be secured by the purchaser taking the properties subject to new mortgages on the lots aggregating that amount to be made by plaintiff. The agreement contained the usual clause that time was of the essence of the contract and that the advance money of $1,500 should be forfeited as liquidated damages in case the purchaser failed to carry out his agreement. Podolsky subsequently assigned his interest in the contract to Louis Rothman, the other defendant. At the time the agreement was signed there were two mortgages against the premises, amounting to $55,000, which were to be paid off and satisfied by plaintiff at the time of settlement, partly out of the proceeds of the new mortgages for $46,250, which were to remain, and the balance from the cash payment. The day fixed in the agreement for settlement fell on Sunday, necessitating a postponement to the following Thursday, February 19, 1920. On the day set misunderstandings arose preventing settlement, whereupon plaintiff declared the contract cancelled and defendants the following day recorded the agreement of sale. Since that time no fur-

ther efforts were made by either party to effect the transfer and, on March 15, 1920, the present bill for cancellation of the recorded agreement was filed and, on March 19, 1920, plaintiff conveyed the property to a third person.  The court below, after hearing, found neither party ready to perform on the day fixed for settlement and withheld a decree for thirty days to allow the parties to comply with the agreement.  At the end of the period fixed by the court, nothing further having been done to adjust the controversy, a decree was entered dismissing the bill.  Plaintiff appealed.

We find ample evidence in the record to sustain the conclusion reached by the court below that neither party was actually ready to proceed with the settlement on the day agreed upon.  The legal conclusion drawn from that fact, however, was erroneous.  Had defendants filed a cross bill, praying specific performance of the contract, the court below could properly have made equitable disposition of the controversy.  It is now too late, however, for defendants to secure that character of relief and to permit them to maintain of record the cloud on the title resulting from the recording of the agreement would be inequitable.  Whether defendants are entitled to a return of the hand-money will depend on the evidence produced in the trial of that issue, if an action for that purpose is commenced.  As the evidence then produced may materially vary from that now before us we refrain from expressing an opinion on the question.

The decree of the court below is reversed and it is further ordered that the agreement of November 19, 1919, herein referred to, be cancelled and stricken from the record in Deed Book, Vol. 2002, page 225, in the office of the Recorder of Deeds of Allegheny County, without prejudice, however, to defendants to sue at law to recover the $1,500 paid as hand-money; each party to pay one-half the costs.